■   In the Matter of FRANK M. DAUGHERTY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— TAYLOR, J. Appeal from a decision of the Unemployment Insurance Appeal Board assessing additional contributions against an employer for wages found to have been paid by him between January 1, 1956 and September 30, 1962. During the period in issue appellant operated a public racing stable in connection with which he maintained a staff of regular employees which was augmented from time to time by extra help consisting, among others, of " hot walkers " whose duty it was to cool out horses which had been heavily exercised, a process requiring about 45 minutes. These employees received a flat fee of $3 for such services. It appears also that custom and practice dictated that when a horse in training had won a race the employer at the direction of the winning owner dispensed a sum of money, usually in the amount of $100, among the regular members of the staff and charged the owner with its payment upon regularly submitted monthly statements of expenses. In reversing the Referee who had overruled the initial determination of the Industrial Commissioner upon the finding that the " hot walkers " were independent contractors and that the moneys distributed by the winning horse owners were gifts and not remuneration within the purview of the statute, the board in determining that an employer-employee relationship existed applied the test of the right of the employer to control the manner or

means in which the extra employees performed their work. (*Matter of Morton*, 284 N. Y. 167.) Doubtless the cooling out process was standardized and its performance in some aspects prosaic. It seems hardly likely, however, that a horse trainer charged with the responsibility of conditioning valuable thoroughbreds for large purse racing would relinquish, without variation or exception, his right to exercise control over itinerant stable hands engaged in the performance of work which seems to have been regarded as an important feature of the training program. Moreover, the simple character of the work performed as generally viewed would be more consistent with the existence of a master and servant relationship than that of independent contractorship. The board's choice of the inference favoring contributorial liability was within its fact-finding power. Although dependent upon fortuitous circumstances — winning horses and owner generosity — additional payments to the regular employees which the employer characterized as tips cannot be said, with the legal finality contended for by appellant, to be of such nebulous course of employment expectation as not to be accounted remuneration within the purview of subdivision 1 of section 517 of the Labor Law. Decision affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.